[S. F. No. 10808. In Bank.—October 19, 1923.]

MASSACHUSETTS BONDING AND INSURANCE COMPANY, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF KERN et al., Respondents.

[1] BILL OF EXCEPTIONS—DEFAULT—APPEAL—TIME.—As long as his right of appeal continues, a party who has suffered default judgment to be entered against him and who has received no notice of entry of judgment has the right to file a bill of exceptions for use upon the appeal, provided the bill of exceptions is proposed within ten days after the taking of the appeal, which is conclusive evidence that he knows of the entry of the default judgment.

[2] ID.—SETTLEMENT OF BILL OF EXCEPTIONS—MANDAMUS—DISQUALI-
FICATION OF JUDGE.—In a proceeding for a writ of mandate to
compel a judge of the superior court to settle a proposed bill
of exceptions, where it appears that the judge acted as attorney
for the petitioner in presenting the bill of exceptions to his
predecessor, and it is suggested that under these circumstances
he is disqualified from acting in settling the bill of exceptions,
the writ of mandate will be denied without prejudice to a further
action in which another judge of said superior court is substi-
tuted in the event that there is a further refusal to settle the
proposed bill.

APPLICATION for a Writ of Mandate to compel judge
of the Superior Court of Kern County to settle proposed bill
of exceptions. Erwin W. Owen, Judge. Writ denied.

The facts are stated in the opinion of the court.

John Ralph Wilson for Petitioner.

WILBUR, C. J.—The petitioner seeks a writ of *manda-
mus* to compel the respondent to settle a proposed bill of
exceptions on an appeal from a judgment rendered against
the petitioner by reason of its default in failing to answer
a cross-complaint filed by L. P. St. Clair and H. A. Jastro,
wherein said cross-complainants sought to recover against
petitioner upon an insurance policy in the sum of five thou-
sand dollars, indemnifying them for damages on account of
bodily injury suffered by the employees of the cross-com-
plainants.

The cross-complaint was filed in an action brought by
J. L. Haggard against the St. Clair & Jastro Oil Co., but
in the amended complaint judgment was sought against the
members of the M. & S. Oil Co., a copartnership, said cross-
complainants, L. P. St. Clair and H. A. Jastro, being mem-
bers of said copartnership. The petitioner filed the necessary
papers and moved the court to transfer the case to the
federal court on the ground of diverse citizenship. That
motion being denied, the petitioner suffered default on the
cross-complaint, and within thirty days after the entry of
default judgment served proper notice of an appeal from
such judgment. Within ten days thereafter, petitioner
served his proposed bill of exceptions, containing the plead-
ings in the case, the papers upon the motion for the removal

of the case to the federal court and the default judgment, and sought to have the bill of exceptions certified and allowed by the trial judge. The trial judge refused to settle the proposed bill of exceptions and the day thereafter resigned, and this application is made to compel his successor to settle the proposed bill.

The respondent claims that the proposed bill of exceptions was served too late, and for that reason that the refusal of the respondent to allow the same was proper. This proposition is based upon the last paragraph of section 650 of the Code of Civil Procedure as amended in 1911 (Stats. 1911, p. 400), and as subsequently amended in 1915 (Stats. 1915, p. 207). This paragraph is as follows: "No bill of exceptions, notice of appeal, or notice or paper, other than amendments to the pleadings or an amended pleading, need be served upon any party whose default has been duly entered, or who has not appeared in the action or proceeding." The respondent's contention is, in effect, that inasmuch as the petitioner was in default and the statute expressly provides that no notice of the entry of the judgment need be served upon the petitioner that, therefore, the time for the filing of a proposed bill of exceptions must run from the date of the judgment and not from the date of notice of the entry of the judgment which otherwise would set in motion the time for the preparation of the bill of exceptions.

The petitioner undoubtedly had a right to appeal within sixty days of the entry of the judgment and it is conceded that this time would not be extended by a failure to give notice of the entry of the judgment, but the petitioner insists that as long as his right of appeal continues the right to file a bill of exceptions for use upon the appeal continues provided the bill of exceptions is proposed within ten days after the taking of the appeal which, of course, is conclusive evidence that the appellant knows of the entry of the judgment.

[1]   We think the position of the petitioner must be sustained whether or not the last paragraph of section 650 applies to bills of exception prepared under section 649 of the Code of Civil Procedure, because, assuming that it does apply to bills of exceptions under both sections 649 and 650, it still remains true under both sections that the time for filing a bill of exceptions runs from notice of the entry

of judgment, and if a party in default has received no notice of the entry of the judgment the time for the preparation of the bill of exceptions does not expire, except by the expiration of the time for the taking an appeal which begins to run immediately upon the entry of the judgment and continues for sixty days thereafter.

[2] It appears from the statement made by the respondent judge that he acted as attorney for the petitioner in presenting the bill of exceptions to Judge T. N. Harvey, who has since resigned, and it is suggested that under these circumstances he is disqualified from acting in settling the proposed bill of exceptions. For that reason the application for the writ of mandate will be denied without prejudice to a further action in which another judge of the superior court of the county of Kern is substituted as the respondent in the event that there is a further refusal to settle the proposed bill of exceptions.

The petition is denied.

Waste, J., Lawlor, J., Seawell, J., Conrey, J., *pro tem.*, and Kerrigan, J., concurred.